## Gifford Memorial Hospital v. Town of Randolph Et Als

[118 A2d 480]

October Term, 1955.

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed November 1, 1955.

*Daniels & Reed* for the plaintiff.

*Stanley L. Chamberlin* for the Town of Randolph.

*Norbert J. Towne* for Listers and Tax Collector of Randolph.

**Adams, J.** This is a petition to the court of chancery in Orange county for a declaratory judgment that a building constructed and owned by the plaintiff is tax exempt and for an injunction to restrain the levying and collection of the tax assessed on the building while it is used in the manner as now used. The listers and tax collector of the town are made party defendants.

The bill is met by a demurrer on behalf of all the defendants. A hearing was had on the demurrer. It was sustained and exceptions allowed the plaintiff. The case comes here on these exceptions before final judgment.

The demurrer admits for the purpose of its consideration the allegations of fact contained in the bill. Allegations amounting to conclusions of law are not admitted and are to be disregarded. No fact can be considered unless it appears on the face of the bill. *Smith* v. *Highway Board*, 117 Vt 343, 345, 91 A2d 805; *Gignac* v. *King*, 118 Vt 415, 418, 111 A2d 42.

The material facts alleged are: That the plaintiff is a nonprofit corporation organized under the laws of Vermont having no capital stock. That it owns and operates, on real estate owned by it, a nonsectarian hospital for the treatment of medical and .surgical cases. That all members of the general public are admitted thereto without restriction. That as a part of its hospital facilities it maintains extensive laboratory and testing equipment. That it has constructed on its land and attached to its present hospital building an additional building referred to as a clinic building. That the plaintiff in constructing this building borrowed the necessary funds, executed its promissory notes therefor and secured them by a mortgage on its principal building.

Certain physicians who reside in and around the town of Randolph have formed an organization known as the White River Valley Clinic. The clinic building is occupied by the physicians who are members of the clinic and they maintain their respective offices for the practice of their profession therein. This membership association of physicians who occupy the clinic building have agreed to pay to the plaintiff the actual amortized cost of the building and have guaranteed to pay all additional cost over $100,000 on demand. They also have agreed to pay annually the estimated cost of all ancillary services to the clinic by the plaintiff.

Previous to the construction of the clinic building and the location therein of physicians' offices, the physicians on the hospital staff maintained their respective offices at various locations distant from the hospital and in emergencies had to be located and travel to the hospital or if the patient was first taken to the office of the physician there was a delay in getting the patient to the hospital. Now in these cases and in others during the office hours of the physician at the clinic he is available without delay. Previous to the formation of the clinic there was no method whereby one or more physicians were available to the plaintiff day or night, while under the present arrangement there is one or more available at all times.

The plaintiff's laboratory and testing facilities are now available at any time to persons when treated or examined in a physician's office who is a member of the clinic, where before

additional appointments had to be made. The plaintiff has never employed resident physicians or interns as do larger hospitals, but under the present arrangement it has, in effect, the benefit of several resident physicians. Students being trained as nurses by the plaintiff receive a portion of their training in the offices of the physicians who occupy the clinic building.

The defendant listers of the town of Randolph have appraised the clinic building for taxation and a tax based upon such list has been assessed against the plaintiff and its property.

The bill further alleges that unless restrained and enjoined, the town, either through the defendant tax collector or some other agent or attorney, will seek to collect the tax from the plaintiff and will take such action for that purpose as the law directs. That if the clinic building is exempt property, it is not within the jurisdiction of the listers and any listing of it is void and likewise the tax assessment is void and a nullity.

The defendants demurred to the bill upon the following grounds, in substance: (1) That the bill is without equity in that it does not show that any controversy or cause of action has accrued in favor of the plaintiff for it is not alleged that the taxes assessed have become due or that any action has been taken or threatened or about to be commenced for the collection of the same; (2) That the plaintiff has a complete and adequate remedy at law by (a) an action for recovery of tax paid under protest and (b) an appeal pertaining to the assessment of taxes as provided under chapter 41 of the statutes; (3) That the bill does not state a cause of action under the Uniform Declaratory Judgments Act for none of the relief prayed for comes within the provisions of the act; (4) That under the factual allegations in the bill, the occupation of the clinic building by the physicians and clinic is not directly for the purposes of the plaintiff and that it is the primary and not incidental use of the building that determines its exemption.

The parties have briefed the case upon the theory that there are two questions involved. (1) Procedural issues:

That is, did the court of chancery have jurisdiction of the cause as brought under the Uniform Declaratory Judgments Act? (2) Substantive issues: That is, is the clinic building as now being used exempt from taxation under the provisions of the statutes?

■ This Court has recently passed upon the jurisdiction of the court of chancery to enjoin the collection of an illegally assessed tax. A petition was brought in the court of chancery by a person who claimed that he was not a resident of the defendant town to enjoin the collection of a poll tax assessed against him. A demurrer to the petition was filed. This Court held that the court had jurisdiction and enjoined the town from levying and collecting the tax. *Beebe* v. *Rupert*, 114 Vt 172, 175-177, 41 A2d 149. For other cases where petitions have been brought to the court of chancery to enjoin the collection of a tax claimed to be illegal, see *St. Albans Hospital* v. *Town of Enosburg*, 96 Vt 389, 120 A 97; *Brattleboro Retreat* v. *Town of Brattleboro*, 106 Vt 228, 173 A 209; *Middlebury College* v. *Town of Hancock*, 115 Vt 157, 55 A2d 194; *Troy Aacdemy* v. *Town of Poultney*, 115 Vt 480, 66 A2d 2.

The court of chancery, therefore, having jurisdiction to enjoin the collection of the tax here assessed, is the petition properly brought for a declaratory judgment under the act?

■ The act has not enlarged the jurisdiction of the court over the subject matter or the parties. It has, however, opened to prospective defendants and to plaintiffs at an early stage of the controversy a right to petition for relief not heretofore possessed. In that sense, it has decidedly extended the power of courts to grant relief in cases otherwise within their jurisdiction to pass upon. *Curtis* v. *O'Brien*, 117 Vt 52, 56, 84 A2d 584; *Murray* v. *Cartmell's Estate*, 118 Vt 178, 180, 103 A2d 96.

■ It is well settled that a proceeding for a declaratory judgment must be based upon an actual controversy. 16 Am Jur Declaratory Judgments, §9, p. 282. The claimed result or consequences must be so set forth that the court can see that they are not based upon fear or anticipation but are reasonably to be expected. *Chamberlain* v. *Hatch*, 111 Vt 317, 322, 15 A2d 586.

Here the facts are set forth sufficiently so they show that an actual controversy exists. The listers have appraised the property and a tax has been assessed against the plaintiff. It can reasonably be expected that the town through its proper officers will proceed to collect the tax if it is not paid when due. In fact the plaintiff so alleges. If the plaintiff had to wait until proceedings are brought or threatened to collect the tax, it would be subject to costs and penalties for not paying the tax when due. That would defeat the very purpose of the act. 16 Am Jur Declaratory Judgments, pp 284-286; 1 Anderson, Declaratory Judgments, 2nd ed. pp 382-383; V. S. 47 §1640.

■■ The claims set forth in the demurrer that the plaintiff cannot maintain the bill because it has an adequate remedy at law by bringing an action to recover taxes paid under protest or by an appeal from the assessment as provided under chapter 41 of the Vermont Statutes are without merit. Where a controversy exists a proceeding for a declaratory judgment may be maintained even though another remedy is available. To hold otherwise would do violence to the statute which provides in V. S. 47, §1629 that the remedy is available "whether or not further relief is or could be claimed." This is subject, however, to the right of the court to refuse jurisdiction, as provided in §1634, where a judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding. *Curtis* v. *O'Brien, supra,* 117 Vt 52, 58, 84 A2d 584; *Beebe* v. *Rupert, supra,* 114 Vt 172, 176, 41 A2d 149. Furthermore the defendants have not briefed the ground of remedy by an appeal under chapter 41, so it is waived. *Strout* v. *Wooster,* 118 Vt 66, 71, 99 A2d 689.

The cases that the defendants have cited from other jurisdictions on procedure are either distinguishable because of statutory provisions or are not available to them here because of the holdings in our own cases that we have cited.

We now take up the substantive issue. V. S. 47, §649, provides that the following property shall be exempt from taxation; subdivision IV. "Real and personal estate granted, sequestered or used for public, pious or charitable uses." It is not questioned that the plaintiff is a charitable institution.

Both parties agree that the exemption in this case depends upon the use of the clinic building.

 When property is owned by a municipality it is not municipal ownership but public use that is the ultimate test. *Stiles* v. *Newport,* 76 Vt 154, 164, 56 A 662. The same principle applies here. As applied to real estate, certainly, the direct and immediate use of the property itself is meant, and not the remote and consequential benefit derived from its use. *Grand Lodge of Masons* v. *City of Burlington,* 84 Vt 202, 208, 78 A 973. It is the primary as distinguished from an incidental use of the property that determines whether it is exempt from taxation. *Middlebury College* v. *Town of Hancock,* 115 Vt 157, 164, 55 A2d 194. Real estate used for purposes directly connected with the running of an institution would be exempt under the statute, V. S. 47, §649. A statute providing for an exemption from taxation is to be strictly construed, although, of course, the construction must be reasonable and not such as would defeat the purposes of the statute. *Troy Academy* v. *Town of Poultney,* 115 Vt 480, 486, 66 A2d 2.

Applying these principles to the facts here alleged, we hold that the clinic building as it is presently used is not exempt from taxation. Its occupancy is by the physicians who comprise the clinic organization. Each member maintains his office for the practice of his profession in the building. No other occupancy is alleged. That occupancy is, therefore, its primary use. Its proximity to the hospital is a convenience to the physicians and their patients and may well be of some incidental benefit to the hospital. But, even so, providing a building for offices for physicians in and around Randolph in which to practice their profession whether at a distance from or adjacent to the hospital as here is not a facility that is reasonably necessary as a recognized function of the plaintiff. Its location, and such benefit as is derived therefrom, is only a matter of degree. It is not sufficient to change its primary use from a building used by the physicians in and around Randolph who are members of the clinic as a place for the location of their offices in which they are practicing their profession to a use that is primarily for the benefit of the plaintiff. The opportunity to have nurses who are in

training receive some of such training in the offices of the physicians who occupy the building is only an incidental use by the plaintiff. It might be of considerable benefit to the physicians in obviating the necessity of hiring nurses to help in their offices.

We have carefully read the case of *Cedars of Lebanon Hospital* v. *Los Angeles County*, 35 Cal 2d 729, 221 P2d 31, 15 ALR2d 1045, upon which the plaintiff relies heavily. Suffice it to say that it is different factually from the instant case in the use of the property, the taxation of which was in question. The plaintiff also relies upon the case of *Troy Academy* v. *Town of Poultney, supra*, 115 Vt 480, 66 A2d 2. There, too, the use of the property was factually different from its use in the instant case.

Because of our holding that the clinic building as now used is not exempt from taxation under the provisions of V. S. 47, §649, sub. IV, it becomes unnecessary for us to consider whether it is taxable because of the restrictions in section 652.

*The order sustaining the demurrer of the defendants and adjudging the bill of complaint insufficient is affirmed. The bill of complaint is dismissed.*