**Corwin S. Elwell, Collector of Delinquent Taxes for the Town of Brattleboro v. Vermont Communications Marketing Group, Inc., d/b/a The Capra Theatre, and The Latchis Corporation and D. Latchis & Sons, Inc., Intervenors**

[349 A.2d 218]

No. 33-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed December 2, 1975

628

*John S. Burgess,* Brattleboro, for Plaintiff.

*John H. Carnahan* of *Fitts and Olson,* Brattleboro, for Intervenors.

**Larrow, J.** In a suit eventually fraught with procedural difficulties, the plaintiff in his capacity as tax collector brought action against the defendant corporation to collect a claimed delinquent personal property tax levied by the Town of Brattleboro upon the grand list of the defendant for 1972. This tax was levied on the basis of a filed tax inventory showing theatre seats, projection and sound equipment, concession and theatre screen, declared as property of the defendant. The defendant defaulted, and execution and subsequent alias execution issued against it, the validity of which are not here questioned, despite possible defects in service of process. The original action purported to be brought under 32 V.S.A. § 5075, to enforce and "foreclose" a claimed tax lien, although the term "foreclosure" appears only in the heading of that section, and the jurisdiction of District Court to entertain such an action is at best questionable. The tax lien itself, notice of which was given under 32 V.S.A. § 5073, described the property sought to be covered by the lien as "supplies." This description, too, is of doubtful sufficiency. For the purposes of this appeal, however, we do not decide these questions, but only those necessary for disposing of the claims raised by the intervenors.

The intervenors sought and obtained leave to intervene after final judgment. They claimed that they were the owners, in possession of the taxed property, and that plaintiff was threatening to levy execution upon it as property of the principal defendant, subject to its filed tax lien. The plaintiff admitted its plan to levy and the possession of the intervenors, and justified its proposed levy upon a claim, not precisely delineated, that the property belonged to the principal defendant or that, in some manner, the intervenors were liable for the judgment, even though not served with process or parties to the action.

Subsequent to hearing, the court entered an order directing the Windham County sheriff "forthwith not to take any further action with respect to the order to sell the personal property and thereby satisfy the lien." The parties interpret this order as a complete stay of execution, and the plaintiffs have appealed from the order. Since the order also recites that the motion of the intervenors for an absolute stay of execution is granted, we will also so interpret it for the purposes of this appeal.

■■■ Plaintiffs first question the right of the intervenors to intervene at all, saying such intervention was not timely within the meaning of D.C.C.R. 24. While there is some authority for the proposition that intervention after final judgment is untimely, we feel that the better view is that intervention may be permitted even after final judgment where those already parties are not prejudiced, and that where there is real potential for harm to the intervenor intervention should be denied as untimely only in extreme circumstances. 1 R. Field, V. McCusick & L. Wroth, Maine Civil Practice § 24.1, at 401 (2d ed. 1970). So viewed, the trial court did not abuse its discretion in permitting intervention in the instant case. Nor is there merit to appellant's claim of error in not making findings of fact. D.C.C.R. 52(a) does not require findings upon a motion to intervene, even though such findings would be better practice, especially in light of the complicated facts involved in this appeal.

■■■ For other reasons, however, the order of the trial court cannot stand unmodified. By its terms, it prohibits any levy of execution, not just levy of execution against the property

here claimed by the intervenors. With the principal judgment not here in question, no reason appears why the plaintiff is not entitled to an execution otherwise permitted. The general supervisory power of the trial court over its executions cannot be invoked to preclude any execution to which plaintiff may be lawfully entitled, or to prevent levy upon any other discoverable property of the principal defendant not involved in the intervenors' claim of title.

That claim of title, however, is entitled to protection adequate in scope and of sufficient duration to permit final determination of the respective rights of the parties. That determination may be obtained in several ways. If the plaintiff's claim is that the intervenors are liable for the tax, their claim of illegal levy may be advanced by seeking equitable relief against a tax illegally assessed. *Gifford Memorial Hospital* v. *Randolph*, 119 Vt. 66, 118 A.2d 480 (1955). Or, if the property had actually been taken, replevin would lie. 12 V.S.A. § 5331. If, as seems more likely, the plaintiff's claim is that the property belongs to the principal defendant, even though in the possession of the intervenors, our statutes provide an express remedy to which the plaintiff should resort. 12 V.S.A. § 2732 provides for issuance of trustee process by the clerk of court on the request of the judgment creditor, to the officer holding the execution. This is the appropriate method for determining whether the intervenors in fact hold the property in question as goods or effects of the principal defendant. Unless and until the plaintiff resorts to this statutory remedy, the intervenors are entitled to have the levy of execution stayed. But, as pointed out, the stay should be limited to the property in question, and not extended to any other discoverable property of the principal defendant.

*The December 18, 1974, order of the Vermont District Court, Windham Circuit, Unit No. 6, is modified to provide that levy of execution against any personal property in the possession of the intervenors is stayed, unless and until plaintiff seeks and secures a determination under 12 V.S.A. § 2732 that such property is held by intervenors as trustee of the principal defendant, and the cause is remanded.*