AMERICAN TRUCKING ASSOCIATIONS, INC., International Transport, Inc., and G. H. Harnum, Inc., Individually and on behalf of all others similarly situated

v.

William CONWAY, Vermont Commissioner of Motor Vehicles, Paul Philbrook, Vermont Commissioner of Public Safety, and Richard Snelling, Governor of the State of Vermont, Each individually and in their official capacities.

Civ. A. No. 81–155.

United States District Court,
D. Vermont.

May 29, 1981.

Ralph A. Foote, Robert H. Moyer, Conley & Foote, Middlebury, Vt., for plaintiffs.

Robert C. Schwartz, Asst. Atty. Gen., Highway Dept. of the State of Vermont, Montpelier, Vt., for defendants.

## MEMORANDUM OF DECISION

HOLDEN, Chief Judge.

Plaintiffs bring this action seeking declaratory, injunctive and monetary relief from recent amendments to Vermont statutes requiring the purchase of permits for interstate motor carrier vehicles registered out of state. The new amendments greatly increase the cost of the permits and remove exemptions for vehicles registered in other jurisdictions having a reciprocal fee waiver agreement with Vermont.

In considerable haste and with a strong sense of urgency, plaintiffs American Trucking Associations, Inc., International Transport, Inc., and G. H. Harnum, Inc., as individuals and representatives of a class of interstate motor carriers, on May 26, 1981 invoked the court's jurisdiction to obtain a temporary restraining order and a preliminary injunction enjoining the defendant Conway, the Commissioner of Motor Vehicles for the State of Vermont, from assessing or collecting increased fees imposed by the enactment of the Vermont General Assembly of House Bill 248 which amended the fee levels previously set by 23 V.S.A. §§ 415, 415a and 417. Further equitable relief is sought to restrain the defendant Conway from terminating the reciprocal agreements with his counterparts in other states which had the effect of waiving the registration and licensing permits applicable to foreign registered motor truck carriers, as provided in 23 V.S.A. § 419. According to the complaint, the recision of the reciprocal agreements will become effective June 1, 1981, unless interdicted by injunctive relief emanating from this court prior to the effective date.

Upon consideration of the evidence and arguments presented at an expedited hearing May 28, 1981, the court finds there is a

lion in the path of the equitable relief which the plaintiffs seek in this court. The barrier appears by way of the Tax Injunction Act of 1937, 50 Stat. 738, 28 U.S.C. § 1341, which provides:

> The district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

The Tax Injunction Act applies if the permit fees assessed in 23 V.S.A. §§ 415, 415a, and 417 constitute a tax within the meaning of Section 1341. This question is one of statutory construction, and is governed by federal law. The United States District Court for the District of Connecticut recently considered the "tax" question in regard to a similar fee assessed by the State of Connecticut. *American Trucking Association v. O'Neill*, No. 81–267, slip op. at 3–7 (filed May 6, 1981). The court found that the regulatory activities necessary to administer the registration statute could be funded for less than one percent of the revenue that would be generated from a $40.00 fee. *Id.* at 6. The Vermont fees, which are at least $40.00 per truck, must likewise exceed the administrative costs of the registration program. Moreover, the other indicia of a "tax," which include the earmarking of the collected fees for a general state fund, and the intent of the legislature to raise revenue, are present in the Vermont statute. The court concludes that the permit fees are a "tax" within the meaning of the Tax Injunction Act. This preliminary finding is based upon the papers submitted and the testimonial evidence adduced at the hearing on the motion for a temporary restraining order. The plaintiffs have simply failed to show that the permit fees have any other purpose than the generation of revenue for the State of Vermont.

The remaining question for resolution is whether the Vermont state courts provide plaintiffs with a "plain, speedy, and efficient remedy" to challenge the constitutionality of the tax. The legislative history of the Act indicates that this language is intended to guarantee "a full hearing and judicial determination of the controversy." *Rosewell v. LaSalle National Bank*, —— U.S. ——, ————, 101 S.Ct. 1221, 1229, 67 L.Ed.2d 464 (1981) (citing 81 Cong. Rec. 1416). "The statute has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Tully v. Griffin, Inc.*, 429 U.S. 68, 73, 97 S.Ct. 219, 222, 50 L.Ed.2d 227 (1976). As a result, if the state court system provides an *adequate* and *certain* remedy, the federal courts are barred from interfering.

Plaintiffs do not raise any issue as to the speed with which a remedy may be obtained in the state court system. Plaintiffs also concede that both declaratory and injunctive relief are available in the state system. Plaintiffs do, however, vigorously contest the adequacy and certainty of this remedy.

The United States Supreme Court has recently considered whether the availability of declaratory and injunctive relief in a state court system constitutes a certain (plain) remedy. *Tully v. Griffin, Inc., supra.* In *Tully*, the court held that the existence of New York case law establishing a right to preliminary relief in declaratory actions attacking the constitutionality of tax statutes provided a "plain" remedy. *Id.* at 76, 97 S.Ct. at 224.

The courts of Vermont have the power to grant injunctive and declaratory relief at an early state of a controversy concerning a tax claimed to be unlawfully imposed. *Gifford Memorial Hospital v. Town of Randolph*, 119 Vt. 66, 70, 118 A.2d 480 (1955). *Beebe v. Rupert,* 114 Vt. 172, 41 A.2d 149 (1945). *See also, Wheeler v. State,* 127 Vt. 361, 249 A.2d 887 (1969) *appeal dismissed* 396 U.S. 4, 90 S.Ct. 24, 24 L.Ed.2d 4, *reh. denied* (1969). Consequently, the court concludes a plain and certain remedy exists in the Vermont state courts within the meaning of 28 U.S.C. § 1341.

The remaining question is whether the state court remedy is adequate. Some decisions have impliedly equated this requirement with the requirement of an "adequate" legal remedy which would preclude

equitable jurisdiction. *See Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); *Hillsborough v. Cromwell,* 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1946). The court, however, does not read these decisions to limit the operation of the Tax Injunction Act to plaintiffs having a plain, speedy and efficient remedy at law in the state courts. *But cf. American Trucking Associations v. O'Neill, supra,* slip op. at 8 (a state remedy cannot be deemed adequate unless the state has provided a statutory right to recover tax payments). Such a construction ignores the congressional purposes underlying the Act. The Act is not merely an expression of the concept of the rule that an adequate legal remedy precludes equitable jurisdiction; it also states firm principles of federalism. *Tully v. Griffin, Inc., supra,* 429 U.S. at 73, 97 S.Ct. at 222. To the same effect is the more recent pronouncement by the Court in *Rosewell, supra,* —— U.S. at ——, 101 S.Ct. at 1236. These principles dictate that the federal court abstain from granting equitable relief when the taxpayer can resort to the state court for relief adequate and equivalent to relief sought in the federal forum. *Tully v. Griffin, Inc., supra,* 429 U.S. at 76, n. 8, 97 S.Ct. at 224 n. 8; *Garrett v. Bamford,* 538 F.2d 63, 68 (3d Cir. 1976) ("If plaintiffs could bring this action in Pennsylvania courts of equity, they would have an adequate remedy").

Plaintiffs conceded in oral argument that declaratory and injunctive relief is available to them in the Vermont state system, but expressed reservations regarding the ability of a Vermont court to reimburse them for fees illegally collected.[1] An award of monetary relief is within the equitable powers of the Vermont courts. *See Thompson v. Smith,* 119 Vt. 488, 510, 129

A.2d 638 (1957). The state courts can provide every kind of relief available in this court. Accordingly, the court finds that a plain, speedy and efficient remedy may be had in the Vermont courts.

Plaintiffs also have advanced several theories in an attempt to avert the application of the Tax Injunction Act. These theories include a private attorney general principle, and a statutory exception to the application of the Act, pursuant to 49 U.S.C. § 11503a(c). Neither of these theories is persuasive.

In summary, the court concludes that the Tax Injunction Act in the context of the record presented constitutes a jurisdictional barrier which deprives the court of jurisdiction to issue the temporary restraining order and preliminary injunctive relief sought by the plaintiffs. *Hickmann v. Wujick,* 488 F.2d 875, 876 (2d Cir. 1973). Plaintiffs' request for a temporary restraining order and preliminary injunction under Fed.R. Civ.P. 65 is denied. It is so ORDERED.

---

1. Plaintiffs stated at oral argument that the availability of a refund of illegally collected permit fees is only available under 23 V.S.A. § 328. This statute authorizes the commissioner of motor vehicles to refund money erroneously paid into the state treasury for registration of a motor vehicle. The court need not consider whether Section 328 provides a plain, speedy, and efficient remedy within the meaning of the Tax Injunction Act, since the court has concluded that other avenues of relief are available in the Vermont Superior Courts. The court notes, however, that defendant has submitted an affidavit indicating that relief under this section is regularly granted by the commissioner. Furthermore, the court believes that a review of an adverse determination by the commissioner would be available under the state administrative procedure act, 3 V.S.A. § 801 *et seq.* In particular, Section 815 authorizes an appeal from any final decision of an agency to the Vermont Supreme Court.