## Medical Center Hospital of Vermont, Inc. v. City of Burlington and Raymond A. Contois, City Treasurer

[303 A.2d 468]

No. 74-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 3, 1973

*Dinse, Allen & Erdmann,* Burlington, for Plaintiff.

*Joseph E. McNeil,* City Attorney, and *Michael W. Wool,* Assistant City Attorney, for Defendant.

**Shangraw, C.J.** The plaintiff brought this petition, bearing date of May 12, 1971, to the court of chancery in Chittenden County for a declaratory judgment seeking a determination that all of its real and personal property in the City of Burlington is tax exempt and for an injunction to restrain the defendants from the collection of the 1971 tax assessed by the City of Burlington on a portion of the plaintiff's property occupied by physicians and others.

On May 12, 1971, an injunction order was issued temporarily restraining and enjoining the defendants from assessing and collecting taxes from the plaintiff until further order of the court.

Pursuant to Rule 26 of Vermont Rules of Civil Procedure, written interrogatories were framed by the defendants, and answered by the plaintiff on November 16, 1971.

The matter came on for hearing on the 24th day of March, 1972, and on the same day the Chief Superior Judge made the following findings of fact.

"(1) Medical Center Hospital of Vermont, Inc., was organized as a non-profit charitable corporation in 1967 by combining the Mary Fletcher Hospital, a non-profit charitable corporation organized sometime in the eighteen hundreds, and the DeGoesbriand Memorial Hospital organized as a non-profit charitable corporation in the nineteen twenties.

(2) The Medical Center Hospital of Vermont is a teaching hospital. It has three goals, patient care, teaching and research.

(3) It is closely allied to the University of Vermont School of Medicine, which is also located in the Burlington area. The alliance is such that the faculty of the University School of Medicine are also attending and have joint functions in the Medical Center Hospital.

(4) The Medical Center Hospital has been declared a charitable corporation by the Internal Revenue Service standards.

(5) The Plaintiff rents space in the hospital to organizations and private physicians and charges therefore the actual cost for such occupancy. In 1971 this amounted to 11,501 square feet of space, and the rental income therefrom was $64,019.49. The square foot rental was between five and six dollars. All the physicians who have obtained space at the Medical Center Hospital have both teaching functions and patient care.

(6) All physicians who have similar status with the University of Vermont and the Medical Center Hospital, do not have space at the hospital. Some have space outside the hospital which they use as office space and use for consultation and patient care.

(7) The City of Burlington has appraised that part of the Medical Center Hospital rented to physicians and

organizations for which the Medical Center Hospital is receiving income at $50,000.00.

THE COURT FINDS that such appraisal would not be excessive."

On April 5, 1972, the court, by its "Conclusions of Law," made the following determination:

"The Court concludes that the primary use of the property as distinguished from the incidental use of the property determines whether the property is exempt from taxation, and further concludes that the primary use of the property is for the benefit of the hospital and that the private practice engaged in by the various doctors renting space is incidental to their teaching function and the care of patients."

Consistent with the foregoing conclusions of law, on April 20, 1972, the following order was issued:

"It is ORDERED AND ADJUDGED that the primary use of the property in question is for the benefit of the hospital, and that the real and personal property of the Petitioner is not now subject to taxation by the City of Burlington."

Pursuant to 32 V.S.A. § 3802 of the Vermont Statutes Annotated, Property Tax, the legislature has determined that the following property shall be exempt from taxation:

"(4) Real and personal estate granted, sequestered or used for public, pious or charitable uses; . . . ."

32 V.S.A. § 3832 provides that the exemption from taxation of real and personal estate granted, sequestered or used for public, pious or charitable uses shall not be construed as exempting:

"(6) Real and personal property owned or kept by an orphanage, home or hospital including diagnostic and treatment center not used for the purpose of such institution but leased to others for income or profits, . . . ."

It is our well settled rule that in construing statutes of exemption from taxation regard must be had that they are to be construed most strongly against those who claim the benefit. *Middlebury College* v. *Town of Hancock,* 115 Vt. 157, 163, 55 A.2d 194 (1947); *University of Vermont* v. *Town of Essex,* 129 Vt. 607, 612, 285 A.2d 728 (1971). But while a statute providing for exemption from taxation is to be strictly construed, the construction must be reasonable and not such as would defeat the purposes of the statute. *Troy Conference Academy and Green Mountain Junior College* v. *Town of Poultney,* 115 Vt. 480, 486, 66 A.2d 2 (1949); *The Experiment in International Living, Inc.* v. *Town of Brattleboro,* 127 Vt. 41, 45, 238 A.2d 782 (1968).

The critical question for determining whether property is entitled to a charitable or public use exemption, under the provisions of 32 V.S.A. § 3802(4), is the use to which the property is put,—not its ownership. It is the primary as distinguished from an incidental use of the property that determines whether it is exempt from taxation. *Gifford Hospital* v. *Randolph,* 119 Vt. 66, 72, 118 A.2d 480 (1955); *The New York Institute for the Education of the Blind* v. *Town of Wolcott, et al.,* 128 Vt. 280, 285, 262 A.2d 451 (1970); *The Experiment in International Living, Inc.* v. *Town of Brattleboro, supra,* 127 Vt. at 45.

While the precise question has not, to our knowledge, been heretofore presented to this Court, it has been held that where property of a tax exempt institution is devoted partly to public uses, a building may be divided, for the purpose of taxing that part of it engaged in business use and exempt that part devoted to public use. *Dougherty, Tr.* v. *Philadelphia, et al.,* 314 Pa. 298, 171 A. 583 (1934); *Borough of Kittanning* v. *Armstrong County, et al.,* 347 Pa. 108, 31 A.2d 710 (1943). In the case of *Chapman* v. *Draughons School of Business,* 287 P.2d 903 (Okl. 1955), it was held that when an exempt entity uses nine floors of an eleven story building for exempt purposes and leaves two floors for commercial use, two-elevenths of the property's value is subject to taxes and nine-elevenths is exempt.

The findings reveal that the Medical Center Hospital is a teaching hospital and has three goals: patient care, teaching

and research. The Medical Center Hospital is allied to the University of Vermont School of Medicine and the faculty of the University School of Medicine also attend and have joint functions in the Medical Center Hospital. Plaintiff rents space to organizations and private physicians and all of the physicians who have space at the hospital have both teaching functions and patient care.

The transcript demonstrates that the above physicians are also carrying on a medical practice for private gain in the hospital space rented by them. No finding was made as to this phase of the case.

It is the defendants' contention that these physicians have limited teaching functions and patient care duties that do not require the use of hospital office space. It is also urged that while these offices occupied by them are convenient, they do not constitute a facility that is reasonably necessary in the operation of the Medical Center of Vermont.

The roadblock which we are confronted with, for appellate purposes, is the absence of sufficient findings of fact. The case reaches this Court without findings as to the reasonable necessity for, or the extent of occupancy by the lessees of the spaces in question, either for public or private purposes. These facts must be determined below with some degree of precision. This, of course, is essential to the critical question—What is the primary as distinguished from the incidental use to which the rented spaces are utilized? The cause must be remanded.

*Judgment order is vacated and set aside. Cause remanded for further proceedings consistent with the views expressed in this opinion.*