### David M. Stephens and Mary L. Stephens v. Vermont Department of Taxes

[353 A.2d 355]

No. 141-75

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed February 4, 1976

*Frederick M. Reed*, Williston, for Plaintiffs.

*M. Jerome Diamond,* Attorney General and *Georgiana O. Miranda* and *Richard Johnston King,* Assistant Attorneys General, Montpelier, for Defendant.

Smith, J. This is an appeal from the Washington Superior Court which, in May, 1975, sustained a prior determination by the Vermont Commissioner of Taxes. The facts found below were those to which the parties stipulated.

Appellants, the Stephens, are, and were at all times material hereto, residents of Vermont. During the academic year, 1972, they resided temporarily in Coeymans, New York. Mr. Stephens attended nearby Albany College of Pharmacy, and Mrs. Stephens taught at Albany High School. Her gross salary from the Albany School Department was $8,351.67, from which $277.28 was withheld for New York State income tax. Since appellants had incurred a New York State income tax liability of only $175.00, they claimed and received a refund of $101.00.

The Vermont Tax Department has consistently maintained, and the Tax Commissioner and the Washington Superior Court both held, that appellants were not entitled to claim credit on their Vermont State income tax return, pursuant to 32 V.S.A. § 5825, for the entire $277.28 that New York State withheld from Mrs. Stephens in 1972. Rather, it was determined below that they were entitled to a credit against their Vermont income tax liability only for the amount of the withholdings less the refund, i.e., the $175.00.

The crux of this appeal involves an interpretation of 32 V.S.A. § 5825:

> A taxpayer of this state who was a resident individual . . . during any portion of a taxable year shall receive credit against the tax imposed, for that taxable year, by section 5822 . . . *for taxes imposed by, and paid to,* another state . . . upon his income derived from sources within that state . . . during that portion of that taxable year. (Emphasis added).

Should the phrase "taxes imposed by, and paid to, another state" extend to the entire withholdings, or only to the final amount retained by the state?

While there has been no Vermont case involving credits toward state income tax, other tribunals have decided that statutes granting credits must be strictly construed against the taxpayer and in favor of the taxing authority. 71 Am. Jur.2d *State and Local Taxation* § 549; *Keyes* v. *Chambers,* 209 Ore. 640, 307 P.2d 498, 501 (1957). Strict construction has also been the rule in Vermont regarding exemptions from income tax liability. *McClure Newspapers, Inc.* v. *Dept. of Taxes,* 132 Vt. 169, 174, 315 A.2d 452 (1974); *English Language Center, Inc.* v. *Town of Wallingford,* 132 Vt. 327, 329, 318 A.2d 180 (1974) ; *Pizzagalli Construction Co.* v. *Dept. of Taxes,* 132 Vt. 496, 499, 321 A.2d 437 (1974). Strict interpretation of 32 V.S.A. § 5825 in favor of the Vermont Tax Department and against the taxpayers would indicate a credit only for the amount finally retained as income tax by the New York taxing authority.

██ ██ As, then, Chief Justice Shangraw noted in *Medical Center Hospital of Vermont, Inc.* v. *Burlington,* 131 Vt. 196, 199, 303 A.2d 468 (1973), "while a statute providing for exemption from taxation is to be strictly construed, the construction must be reasonable and not such as would defeat the purposes of the statute." The purpose of affording taxpayers credit for income taxes paid in another state "is to prevent or alleviate the burden of double taxation. . . ." 71 Am.Jur.2d *State and Local Taxation* § 549; *Keyes* v. *Chambers, supra,* 307 P.2d at 508; *Whittell* v. *Franchise Tax Board,* 231 Cal. App. 2d 278, 41 Cal. Rptr. 673, 677 (1964).

██ 32 V.S.A. § 5825 affords taxpayers a dollar-for-dollar credit for income taxes paid in other states. Double taxation is not avoided by allowing credit for excessive withholding tax collection since that does not stand as a final loss to the taxpayer. Appellants have the money upon which they claim to have been taxed, in their possession. To hold that the statute affords them a credit merely because the money was collected in New York State's withholding process would be absurd.

*Affirmed.*