## In re Aloha Foundation, Inc.

[360 A.2d 74]

No. 102-75

Present: Barney, C.J., Daley, Larrow, and Billings, J.J. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed April 6, 1976

*Harry A. Black* of *Black and Plante,* White River Junction, for Aloha.

*Otterman and Allen,* Bradford, for Towns of Fairlee and West Fairlee.

Barney, C.J. This case is the consolidation of two tax appeals. The plaintiff, a non-profit corporation, owning lands in the Towns of Fairlee and West Fairlee, on which it operates summer camps, claims that the property is exempt from taxation under the provisions of 32 V.S.A. § 3802. On appeal to the Orange Superior Court from the respective boards of civil authority, the court found that the claimed exemption was not applicable. Appeal here followed, limited to that issue.

32 V.S.A. § 3802 lists, in fourteen subsections, various kinds of property that are altogether exempt from taxation. Other properties are exempt from local taxation upon vote of the towns. See, e.g., 32 V.S.A. § 3831(a) and §§ 3834–3841. The plaintiff in this case seeks exemption under subsection (4) of 32 V.S.A. § 3802, which applies generally to "Real and personal estate granted, sequestered or used for public, pious or charitable uses." The subsection goes on to relate itself specifically to certain kinds of uses such as churches, libraries, colleges, academies or other public schools. There is no specified

category in this subsection which refers to the plaintiff's situation.

32 V.S.A. § 3832, a later statute, must be read with 32 V.S.A. § 3802(4), since it sets the limits for the application of the exemption for public, pious, or charitable uses. *Fort Orange Council, Inc.* v. *French*, 119 Vt. 378, 382, 125 A.2d 835 (1956). Subsection 7 of § 3832 provides that there shall be no such exemption for:

> Real and personal property of an organization when the property is used primarily for health or recreational purposes, unless the town or municipality in which the property is located so votes at any regular or special meeting duly warned therefor.

Under this statutory pattern the plaintiff had a double burden. It had to demonstrate that it was entitled to tax exemption under 32 V.S.A. § 3802(4), and, at the same time, establish that its situation was not governed by the just-quoted caveat of 32 V.S.A. § 3832(7). If the facts bring the case within the application of subsection (7), that will control and there can be no tax exemption without a vote of the town concerned. *Experiment in International Living, Inc.* v. *Town of Brattleboro*, 127 Vt. 41, 46, 238 A.2d 782 (1968). The plaintiff is also faced with the rule that statutes exempting from taxation are construed most strongly against those who claim their benefit. *University of Vermont* v. *Town of Essex*, 129 Vt. 607, 612, 285 A.2d 728 (1971).

The summer camping enterprise involved has had a long history. The Gulick family began the operation with the founding of Aloha Camp in 1905. Within seventeen years, two other camps had been added. Aloha is a camp for girls from twelve to seventeen years of age; Aloha Hive is a camp for girls from seven to twelve, and Lanakila is for boys from eight through fourteen. Eventually the operation was incorporated, and the camps were run as commercial enterprises until about 1969.

At that time the Massachusetts business corporation was taken over and absorbed by a Vermont non-profit corporation, the Aloha Foundation, Inc., party to this suit. More than $250,000.00 has been contributed by friends of the Foundation

towards it purposes. It is exempt from federal and state income taxation as a charitable and educational corporation.

The board of trustees of the Foundation consists of former campers and counselors, or of parents of campers or counselors. The corporation has no outstanding stock. Under the by-laws no member, trustee, officer, employee, or any other person may share in any net earnings or pecuniary profit. In the event of dissolution of the corporation, any assets are to be distributed to charitable, religious, scientific, literary, or educational organizations.

The operation of the camps has remained basically the same after the transfer to the Foundation as before. It is typical of a summer camp recreational program for children and youths. Activities include swimming, boating, and other waterfront activities, horseback riding, archery, tennis, softball, and other sporting activities, plus hiking, camping and nature craft. The camping program is said to include studies of the area flora and fauna, and related ecology.

A small percentage of the enrolled children are involved in academic work. Five per cent or fewer are so engaged, and it is of a remedial nature, taking only a minor part of the campers' day.

Although very few Vermonters have been campers, there is no discrimination practiced, based on race, religion, or sex. The present tuition runs over a thousand dollars for a seven-week season, but there is some scholarship assistance available for worthy campers, based on need.

The fact that the Foundation is exempt from income taxes does not resolve its claim for property tax exemption. *Experiment in International Living, Inc.* v. *Town of Brattleboro, supra,* 127 Vt. at 47. The critical factor for eligibility is the primary use to which the property is put. *Medical Center Hospital of Vermont, Inc.* v. *City of Burlington,* 131 Vt. 196, 199, 303 A.2d 468 (1973).

In this case the lower court found the primary use to which the property is put to be the operation of a summer recreational camp for children. This finding stands unchallenged and is fully supported by the other facts found already set out above.

This brings the property squarely within the terms of 32 V.S.A. § 3832(7), previously quoted. Since this excludes it

from the general exemption of 32 V.S.A. § 3802(4), and denies relief unless the town so votes, the result reached below must be sustained.

*Judgment affirmed.*