### Fletcher Farm, Inc. v. Town of Cavendish

[409 A.2d 569]

No. 82-79

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed November 5, 1979

*Jonathan Bump* of *Fitts & Olson,* Brattleboro, for Plaintiff.

*Richards and Lawlor, P.C.,* Springfield, for Defendant.

**Billings, J.** The plaintiff-appellant, Fletcher Farm, Inc., brought a petition for declaratory judgment against the defendant-appellee, town of Cavendish, to determine if certain real property leased to the Mental Health Services of Southeastern Vermont, Inc. as a therapeutic community residence is exempt from property taxation as a public or charitable use. The Windsor Superior Court determined that the use was such that it required a vote of the townspeople in order to obtain tax exempt status. Plaintiff appeals.

Plaintiff leases certain land and buildings in the town of Cavendish to the Mental Health Services of Southeastern Vermont, Inc. rent-free for an alcoholic treatment and rehabilitation center. Canterbury Farm, as the center is known, is a "therapeutic community which attempts to establish a family-oriented environment of caring, concern and personal involvement among staff and residents where residents can learn, grow and evaluate their lives without the interference of alcohol or other mood altering chemicals," according to plaintiff's answer to Interrogatory 9. Included is group therapy, work, recreation, family-style meals and other related programs.

Both the owner of the real property and the lessee are nonprofit, income tax exempt corporations. The defendant concedes here that the use of the land by the lessee is a public one. In 1976, the defendant assessed a real property tax on the land and buildings.

The sole issue before this Court is whether the real property is subject to an exemption from the property tax either because it is used for a public or charitable purpose under 32 V.S.A. § 3802(4), or because it is used for health or recreational purposes, and may be granted the exemption by the voters of the town in which it is located under 32 V.S.A. § 3832(7). 32 V.S.A. § 3802(4) provides tax exemption for "[r]eal and personal estate granted, sequestered or used

for public, pious or charitable uses." 32 V.S.A. § 3832(7) provides:

> The exemption from taxation of real and personal estate granted, sequestered or used for public, pious or charitable uses shall not be construed as exempting:
>
> . . . .
>
> (7) Real and personal property of an organization when the property is used primarily for health or recreational purposes, unless the town or municipality in which the property is located so votes at any regular or special meeting duly warned therefor.

32 V.S.A. § 3832(7) is a more recent enactment than 32 V.S.A. § 3802(4). It limits the application of the latter exemption provision. *In re Aloha Foundation, Inc.*, 134 Vt. 239, 240, 360 A.2d 74, 76 (1976). See also *Experiment in International Living, Inc.* v. *Town of Brattleboro*, 127 Vt. 41, 46, 238 A.2d 782, 785 (1968); *Fort Orange Council, Inc.* v. *French*, 119 Vt. 378, 382, 125 A.2d 835, 838 (1956). Therefore, the appellant must "demonstrate that it was entitled to tax exemption under 32 V.S.A. § 3802(4), and, at the same time, establish that its situation was not governed by the just-quoted caveat of 32 V.S.A. § 3832(7)." *In re Aloha Foundation, Inc., supra*, 134 Vt. at 240, 360 A.2d at 76.

■ The fact that the appellant is exempt from federal income taxation as a charitable organization does not resolve the property tax exemption claim. *Id.* at 241, 360 A.2d at 76; *Experiment in International Living, Inc.* v. *Town of Brattleboro, supra*, 127 Vt. at 47, 238 A.2d at 786. Similarly, the fact that the land is put to a "public" use is not determinative where it can be shown that the use is subject to the provisions of 32 V.S.A. § 3832(7). *In re Aloha Foundation, Inc., supra*. The critical factor is the primary use to which the property is put. *Id.; English Language Center, Inc.* v. *Town of Wallingford*, 132 Vt. 327, 329, 318 A.2d 180, 182 (1974); *Experiment in International Living, Inc.* v. *Town of Brattleboro, supra*, 127 Vt. at 47, 238 A.2d at 786. See also *Gifford Memorial Hospital* v. *Town of Randolph*, 119 Vt. 66, 72, 118 A.2d 480, 484 (1955); *Grand Lodge of Vermont F. & A.M.*

v. *City of Burlington,* 104 Vt. 515, 519, 162 A. 368, 369 (1932).

 From the record of the case below, it is clear that the property is being used for a health or recreational purpose. The property here is by plaintiff's own statements a therapeutic community residence, which is defined under 18 V.S.A. § 2002(2) as follows:

> "Therapeutic community residence" means a place, however named, excluding a hospital as defined by statute or the Vermont state hospital, which provides, for profit or otherwise, short-term individualized treatment to three or more residents with major life adjustment problems, such as alcoholism, drug abuse, mental illness or delinquency.

Plaintiff has failed to establish to the contrary that the property is not used for a health-related purpose subject to the provisions of 32 V.S.A. § 3832(7). Statutes creating exemptions from taxation are strictly construed against the party claiming their benefit. *In re Aloha Foundation, Inc., supra,* 134 Vt. at 240, 360 A.2d at 76; *University of Vermont* v. *Town of Essex,* 129 Vt. 607, 612, 285 A.2d 728, 731 (1971) ; *Experiment in International Living, Inc.* v. *Town of Brattleboro, supra,* 127 Vt. at 45, 238 A.2d at 784; *Middlebury College* v. *Town of Hancock,* 115 Vt. 157, 163, 55 A.2d 194, 198 (1947). Since it clearly appears that the court below could reasonably have found the property used for a purpose which brings it within the terms of 32 V.S.A. § 3832(7), and since no vote of the town of Cavendish has been held pursuant to this statute, the plaintiff is not entitled to a tax exemption.

*Affirmed.*