Ski-Lan Gymnastics and Performing Arts Educational Foundation, Inc. v. City of Rutland and the Rutland City Board of Assessors

[465 A.2d 1363]

No. 82-354

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed September 6, 1983

*Carroll, George & Pratt,* Rutland, for Plaintiff-Appellant.

*William J. Bloomer,* City Attorney, Rutland, for Defendants-Appellees.

**Billings, C.J.** Plaintiff brought a petition for declaratory judgment against defendants, the City of Rutland and its Board of Assessors, to determine whether certain Rutland property owned by plaintiff, and operated as a school for gymnastics and performing arts, should be exempt from property taxation. Plaintiff maintained that it has undertaken to assume "part of the public burden for making available instruction and performance of performing arts" in that city. As such, its property should qualify for tax exemption as "[r]eal and personal estate . . . sequestered or used for public, pious or charitable uses." 32 V.S.A. § 3802(4).

Defendants claimed that plaintiff's facility assumes no public burden otherwise borne by Rutland, that its use is not essentially public in nature, and that even if plaintiff's use is public, such use is primarily for "health or recreational purposes" and thus falls within the exception of 32 V.S.A. § 3832(7) requiring tax exemption only by special town vote. The Rutland Superior Court agreed, concluding that plaintiff does not assume a burden of the municipality to provide any service which either the municipality or the legislature has determined to be an essential governmental function, but rather that plaintiff's services provide a private benefit. Thus, the court held that plaintiff's property is not exempt from taxation under 32 V.S.A. § 3802(4). Plaintiff appeals.

Based on a stipulation and an evidentiary hearing the court found the following facts, which are not in dispute. Plaintiff is a nonprofit Vermont corporation, exempt from federal income taxation under § 501(c)(3) of the Internal Revenue Code of 1954 (as codified 26 U.S.C. § 501(c)(3)). According to its articles of incorporation, plaintiff was organized to operate a facility instructing "those enrolled from the general public in gymnastics, dance, music and theater arts," and is "[t]o be organized and always operated exclusively for educational purposes, no part of the net earnings of which will inure to the

benefit of any private individual or shareholder . . . ." Upon dissolution of the corporation, all its remaining economic resources are to be distributed to the educational programs of the Vermont Council on the Arts. Plaintiff admittedly charges for such instruction, but tuition is free for those who cannot afford it; although plaintiff attempts to recruit gifted and talented students, it does not exclude others who apply. Finally, plaintiff concedes that the programs it offers are not required as part of the state-mandated curriculum in Vermont public schools; however, the City does offer some of the same courses as plaintiff through a program run by its parks and recreation department.

In *Brattleboro Child Development, Inc.* v. *Town of Brattleboro,* 138 Vt. 402, 416 A.2d 152 (1980), we had opportunity to explore extensively the policy considerations justifying property tax exemptions, as well as the criteria for allowing such relief. There we observed:

> The term "public" when used in the context of tax exemption has an elusive meaning, but excluded from its purview are those uses or activities which, although some of them might benefit a broad indefinite class of persons who are part of the general public, do not in fact do so. It excludes those uses or activities for which, because of the nature of the use or activity, the structure of the administering organization, or the manner of administering the use or activity, the benefit is in fact available only to a class of persons who form a closed circle of beneficiaries designated by a judgmental selection process.

*Id.* at 404, 416 A.2d at 154 (citing *Vermont Wild Land Foundation* v. *Town of Pittsford,* 137 Vt. 439, 443, 407 A.2d 174, 177 (1979)). Moreover,

> [T]he governing consideration is the direct and immedidate, rather than the remote or incidental, benefit derived from the use of the property. *Shelburne Museum, Inc.* v. *Town of Shelburne,* 129 Vt. [341,] 346, 278 A.2d [719,] 721 [(1971)]. "Whatever directly promotes individual interest, although it may also tend incidentally to the public benefit, is essentially a private, and not a public, activity."

*Id.* at 407, 416 A.2d at 155–56 (quoting *Vermont Wild Land Foundation* v. *Town of Pittsford, supra,* 137 Vt. at 444, 407 A.2d at 177, and *English Language Center, Inc.* v. *Town of Wallingford,* 132 Vt. 327, 331, 318 A.2d 180, 183 (1974)).

In order to qualify for an exemption under the aforesaid statute, plaintiff must establish facts sufficient to bring itself within the clear meaning of the exemption, since such statutes are strictly construed by confining their meaning to the express letter or necessary scope of the language. *Brattleboro Child Development, Inc.* v. *Town of Brattleboro, supra,* 138 Vt. at 404, 416 A.2d at 153; *English Language Center, Inc.* v. *Town of Wallingford, supra,* 132 Vt. at 329, 318 A.2d at 182. Exemption from taxation for public uses requires a different standard of proof than that needed for federal tax exemption. *Brattleboro Child Development, Inc.* v. *Town of Brattleboro, supra; Fletcher Farm, Inc.* v. *Town of Cavendish,* 137 Vt. 582, 584, 409 A.2d 569, 570 (1979). Plaintiff must show that the use of the subject property confers a benefit upon an indefinite class of persons who are part of the public, *Brattleboro Child Development, Inc.* v. *Town of Brattleboro, supra,* 138 Vt. at 404, 416 A.2d at 154; *English Language Center, Inc.* v. *Town of Wallingford, supra,* 132 Vt. at 329, 318 A.2d at 182, and that the restriction set out in 32 V.S.A. § 3832(7) is inapplicable. *In re Aloha Foundation, Inc.,* 134 Vt. 239, 240, 360 A.2d 74, 76 (1976). Finally, on review the findings will be read to support the judgment if they reasonably may be. *Brattleboro Child Development, Inc.* v. *Town of Brattleboro, supra,* 138 Vt. at 406, 416 A.2d at 155.

In the case at bar, the services provided by plaintiff are not mandated municipal services: the city is not required to teach such courses in its schools or to offer such programs through its recreational facilities. As such, plaintiff has assumed no burden of the municipality which the legislature has determined to be an essential governmental function. *Id.* at 407, 416 A.2d at 155. Moreover, plaintiff's services provide an essentially private benefit to a limited class of persons: those youngsters interested in gymnastics and performing arts who apply, are admitted and, in most instances, pay for private instruction in plaintiff's facility. Thus, the benefit which plaintiff provides to the municipality is remote and incidental, not

direct. As we had occasion to note in the *Brattleboro* case, plaintiff's "endeavors are admirable, [but] the benefit to the public is too tangential to require the support of the community" through tax exemption. *Id.* at 408, 416 A.2d at 156 (quoting *Vermont Wild Land Foundation* v. *Town of Pittsford, supra,* 137 Vt. at 444, 407 A.2d at 177). The trial court's findings are amply supported by the record, and as such its conclusions will not be disturbed.

*Affirmed.*