**In re Tax Appeal of Abbey Church of St. Andrew the Apostle in the Town of Newbury, John H. Perry-Hooker and Susan Hooker (Town of Newbury, Appellant)**

[485 A.2d 1263]

No. 83-280

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed November 16, 1984

Motion for Reargument Denied December 17, 1984

*Reid & Balivet,* Newbury, for Appellant.

*John H. Perry-Hooker,* pro se, Newbury, Appellee.

**Gibson, J.** Appellant Town of Newbury appeals from a decision of the superior court holding that 32 V.S.A. §§ 3802 (4) and 3832 exempt property owned by appellees John H. Perry-Hooker and Susan C. Hooker from local property taxes for tax years 1981 and 1982. We reverse.

The property sought to be taxed is a house, along with water, sewer and access rights, located on a two-acre parcel owned by the Town. During the years in question, title to the house was in the names of John H. Perry-Hooker and Susan C. Hooker, husband and wife, as tenants by the entirety, and the property was set in the grand list in their names. The property was used exclusively for religious purposes by the Abbey Church pursuant to an agreement between the church and the owners. The trial court found a purported conveyance of the fee title in 1979 by Mr. Perry-Hooker, individually, to the Abbey Church to be defective.

The appellees claim exemption under 32 V.S.A. § 3802 (4) because the building was "[r]eal . . . estate . . . used for . . . pious . . . uses." The Town has not contested the issue of pious use during either year.

32 V.S.A. § 3802 (4) provides exemption for:

> Real and personal estate granted, sequestered or used for public, pious or charitable uses; . . . .

Also applicable is a more recent statute:

§ 3832. Public, pious and charitable uses

The exemption from taxation of real and personal estate granted, sequestered or used for public, pious or charitable uses shall not be construed as exempting:

. . . .

(2) Real estate owned or kept by a religious society other than a church edifice, a parsonage, the outbuildings of the church edifice or parsonage, a building used as a convent, school, orphanage, home or hospital, land adjacent to any of the buildings named in this subsection, kept and used as a parking lot not used to produce income, lawn, playground or garden and the so-called glebe lands.

Statutes granting an exemption from taxation are construed strictly against the party claiming an exemption, *Fletcher Farm, Inc.* v. *Town of Cavendish,* 137 Vt. 582, 585, 409 A.2d 569, 571 (1979), yet reasonably so as not to defeat their purpose, *New York Institute for the Education of the Blind* v. *Town of Wolcott,* 128 Vt. 280, 284, 262 A.2d 451, 454 (1970).

Reading 32 V.S.A. § 3802(4) in tandem with 32 V.S.A. § 3832, the superior court held that, "in addition to the specific exemption for land 'owned and used' by churches" in § 3802(4), § 3832 further exempts property "owned or kept" by a religious society under the more general "public, pious or charitable use" provision. The trial court thus interpreted the language of § 3832(2) as expanding the scope of § 3802(4). Section 3832, however, was enacted after § 3802(4) and limits its scope of application. *Fletcher Farm, supra,* 137 Vt. at 584, 409 A.2d at 570; *In re Aloha Foundation, Inc.,* 134 Vt. 239, 240, 360 A.2d 74, 75 (1976). This intent is clearly apparent from the language of § 3832, which states that § 3802(4) "shall not be construed as exempting" certain uses.

Taxable real estate is set in the grand list "to the last owner or possessor thereof on April 1 in each year . . . ." 32 V.S.A. § 3651. In interpreting this statute, this Court has found tax liability to extend to a vested remainderman, *Town of Brattleboro* v. *Smith,* 117 Vt. 425, 94 A.2d 407 (1953), the holder of a 999-year lease, *Doubleday* v. *Town of Stockbridge,* 109 Vt. 167, 194 A. 462 (1937), and the holder of a life estate, *Wilmot* v. *Lathrop,* 67 Vt. 671, 32 A. 861 (1895). When called upon to

decide whether property leased by a private owner to a nonprofit educational corporation should be accorded a tax exemption, the Court has refused to allow an exemption based on such a lease. *Broughton* v. *Town of Charlotte,* 134 Vt. 270, 356 A.2d 520 (1976).

■ Reviewing the development of tax exemptions for charitable organizations in Vermont, the Court in *Broughton* concluded that, in addition to charitable uses, ownership "not for speculative purposes" was required in order to accomplish the legislature's intent:

> [T]he rule to be followed . . . is that there can be no freedom from taxation unless the property is both owned by a qualified body and used by such a body in pursuit of one of its exempt purposes.

*Id.* at 274, 356 A.2d at 523; see also, e.g., *Brattleboro Child Development, Inc.* v. *Town of Brattleboro,* 138 Vt. 402, 416 A.2d 152 (1980) (owner-user charitable organization not entitled to exemption because its services provided an essentially private rather than public benefit) ; *Governor Clinton Council, Inc.* v. *Koslowski,* 137 Vt. 240, 403 A.2d 689 (1979) (owner-user nonprofit corporation not entitled to exemption for portion of property not substantially used for organization's purposes).

■■ The purpose of the exemption statute is to benefit an indefinite class of persons who are part of the public. *Ski-Lan Gymnastics & Performing Arts Educational Foundation, Inc.* v. *City of Rutland,* 143 Vt. 294, 297, 465 A.2d 1363, 1365 (1983) (citing *Brattleboro Child Development, supra,* 138 Vt. at 404, 416 A.2d at 154). Here, as in *Broughton,* the immediate beneficiaries of any tax exemption would be the private individuals who control the lease terms. As noted in *Broughton,* a failure to require that title be in a charitable entity would permit the appellees, as private fee title owners "to enjoy the appreciation in value of the property without being subject to any tax whatsoever on that value." *Broughton, supra,* 134 Vt. at 275, 356 A.2d at 523. The exemption statutes cannot reasonably be interpreted to sanction such a result.

*Reversed and remanded for entry of a new judgment order consistent with the views expressed herein.*