# President and Fellows of Middlebury College v. Town of Hancock

[514 A.2d 1061]

No. 84-495

Present: **Hill, Peck, Gibson and Hayes, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed July 11, 1986

*James W. Spink* of *Dinse, Erdmann & Clapp*, Burlington, for Plaintiff-Appellee.

*Ketcham & Jackson*, Middlebury, for Defendant-Appellant.

**Peck, J.** The defendant, Town of Hancock, appeals an order of the Addison Superior Court declaring that Middlebury College is entitled to a property tax exemption for the tract of land known as the Middlebury College Snow Bowl located in Hancock, Vermont. We reverse.

In analyzing the case before us, it is necessary to examine carefully two statutory provisions: 32 V.S.A. § 3802(4), and 32 V.S.A. § 3832(7). Construing these statutes in pari materia leads us inescapably to the conclusion that plaintiff is not entitled to the exemption.

Examining § 3802(4) first, we find that it contains two clauses pertinent to this case. The first of these clauses exempts from taxation "[r]eal and personal estate granted, sequestered or used for *public*, pious or charitable uses." (emphasis added). The second clause exempts "lands *owned* . . . by colleges." (emphasis added).

This Court had occasion to examine both of these clauses in a 1947 case under the statutes as they existed at that time,* in relation to the same land and the same parties with which we are concerned here. *Middlebury College* v. *Town of Hancock*, 115 Vt. 157, 55 A.2d 194 (1947). In that case we held that the subject land was not "owned" by the college in the beneficial sense within the meaning of what is now § 3802(4), but merely held as a trustee. Writing for the Court, Justice Buttles said:

> [T]he *beneficial* ownership was here meant rather than a legal title only as trustee . . . . Here the [college] . . . had no beneficial ownership. It had only a technical ownership as trustee, a capacity in which an individual or a corporation other than a college . . . could have served as well and it was not for the appropriate use and benefit of the institution as a college in carrying out the purposes of its incorporation.

*Id.* at 163, 55 A.2d at 197-98 (citing *Willard* v. *Pike*, 59 Vt. 202, 218, 9 A. 907, 916 (1886)) (emphasis added).

Notwithstanding the holding described above, the trial court in the instant case held, apparently on the basis of a stipulation of the parties, that the plaintiff "owns" the subject "lands and improvements thereon," and is thus entitled to an exemption as college land. In this, we think the court erred. The *nature* of the ownership required as a precondition for a tax exemption under the college lands clause was clearly established in 1947. There is nothing in the record to support the court's conclusion that the stipulation was intended by the defendant as an agreement that plaintiff owns the land in any sense contrary to that as determined by this Court nearly thirty years ago. While the parties may stipulate as to facts, they cannot change the law which is to be applied to those facts. *Rush* v. *County of Aroostook*, 447 A.2d 478, 479 n.2 (Me. 1982).

In view of the above discussion, we hold that the plaintiff is not entitled to an exemption solely by virtue of its ownership as a trustee for the public of the lands involved here. It remains then

---

* P.L. § 590 IV. As far as it is material to the instant case, the provisions of § 590 IV are identical to those of 32 V.S.A. § 3802(4) today.

to determine the effect of the public use clause of 32 V.S.A. § 3802(4).

There is no doubt that the so-called Snow Bowl property was "granted" to Middlebury College as a park for the use and benefit of the public. *Middlebury College* v. *Central Power Corp.*, 101 Vt. 325, 342, 143 A. 384, 390 (1928). Therefore, it is clear that, *without more*, the plaintiff would be entitled to the tax exemption it claims. Unfortunately for plaintiff's position, there *is* more; there is 32 V.S.A. § 3832. This statute appears on the scene as the nemesis of plaintiff's position and a *deus ex machina* in favor of the defendant.

Standing alone, § 3802(4) exempts from taxation all "[r]eal . . . estate granted, sequestered or used for public . . . uses," i.e., for public purposes, such as the Snow Bowl land. Nevertheless, § 3832, which did not exist in its present form at the time of the 1947 Middlebury College case, *limits* the availability of the § 3802(4) public use exemption. Section 3832 provides that the public use exemption "shall not be construed as exempting" certain specific properties. Among these, under § 3832(7), are "[r]eal and personal property of an organization . . . used primarily for . . . recreational purposes," unless the town votes to grant an exemption.

We conclude, as did the trial court, that the subject property was granted or sequestered for a public use, but nevertheless is used primarily for recreational purposes, and is therefore subject to be taxed by the defendant town. The public use exemption under § 3802(4) is precluded by the clear provisions of § 3832(7).

Summarizing, we hold that the property of the plaintiff in question here is subject to be taxed by the defendant Town of Hancock.

*Reversed.*