MEMORANDUM **
The facts and procedural history are known to the parties, and we do not repeat them here. The issue on appeal is whether the defendant Perry Leff waived his right to assert Deborah Raffin’s lack of authority to sue to recover assets of the Viner Family Trust of 1997 as a defense under Federal Rule of Civil Procedure 9(a) by not pleading Raffin’s lack of authority by specific denial in his answer.
Under the terms of the Trust and California law, Raffin, as trustee, lacked authority to sue to recover trust assets without the consent of her hold that Leff did not waive his right to assert lack of authority as a defense by raising that issue in his motion for summary judgment rather than in his Answer. In general, Federal Rule of Civil Procedure 12 requires that defenses be asserted “in the responsive pleading or by motion before pleading” or be subject to waiver. Summers v. Interstate Tractor & Equip. Co., 466 F.2d 42, 49 (9th Cir.1972). Our case law suggests, however, that a motion for summary judgment may be an appropriate vehicle for asserting lack of authority by specific denial pursuant to Rule 9. See De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 878 (9th Cir.2000) (finding defendants waived plaintiffs lack of authority to sue as a defense where “[n]one of [the] defendants made a ‘specific negative averment’ in their answers, moved to amend their answers, or filed a motion for summary judgment on this issue.”).
Here, Leff filed a motion for summary judgment asserting Raffin’s lack of authority to initiate this suit twenty-one days after learning of the factual basis for that defense during Leff s deposition of Raffin. As a third-party lender to the Trust, Leff could not be expected to ascertain whether all of the co-trustees consented to this suit prior to conducting discovery. The twenty-one day delay between when Leff learned of Raffin’s lack of authority and when he filed his motion for summary judgment was neither unreasonable nor prejudicial to the plaintiffs who could have *407 cured the defect by dissolving the Trust and reinitiating this suit before the statute of limitations ran.
The district court properly considered Raffin’s authority to sue on summary judgment and found that Raffin lacked authority to initiate this suit. The grant of summary judgment in favor of Leff is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.