NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2020 VT 64

Nos. 2019-131 & 2019-132

| | |
|---|---|
| Green Mountain Fireworks, LLC | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Civil Division |
| | |
| Town of Colchester et al. | October Term, 2019 |
| | |
| Matthew Lavigne | |
| | |
| v. | |
| | |
| Town of Colchester et al. | |

Helen M. Toor, J.

John L. Franco, Jr., Burlington, for Plaintiffs-Appellants.

Brian P. Monaghan and James F. Conway, III of Monaghan Safar Ducham PLLC, Burlington,
  for Defendants-Appellees.


PRESENT: Reiber, C.J., Robinson and Eaton, JJ., and Dooley, J. (Ret.) and
        Pearson, Supr. J. (Ret.), Specially Assigned


¶ 1.    **ROBINSON, J.**   This consolidated appeal requires us to determine whether 20 V.S.A. § 3132(a)(1) authorizes municipalities to grant permits for the general retail sale of fireworks to consumers who do not hold valid permits to display those fireworks. Green Mountain Fireworks, LLC, a fireworks retailer, and its sole owner Matthew Lavigne (collectively appellants)[1] appeal the superior court's dismissal of two actions: (1) their appeal of the Town of

_____

[1] Green Mountain Fireworks is listed in the caption as the plaintiff in the declaratory-judgment case, and Mr. Lavigne was the plaintiff in the Vermont Rule of Civil Procedure 75

Colchester selectboard's denial of their application for a permit to sell fireworks pursuant to 20 V.S.A. § 3132(a)(1), and (2) their request for a declaratory judgment that—even without that distinct permit—they have "all possible and applicable permits" and are permitted under § 3132 to sell fireworks in the manner described in their complaint. We conclude that § 3132(a)(1) requires a distinct permit for the sale of fireworks, but does not authorize a permit for the general retail sale of fireworks along the lines proposed by appellants. The only fireworks sales authorized by the statute are sales to the holder of a display permit for the purpose of the permitted display.[2] For these reasons, we affirm both judgments.

¶ 2. The record, viewed in the light most favorable to appellants, reveals the following facts. In May 2018, appellants began selling fireworks from a retail store in Colchester, Vermont. As described in their complaint, the "intended purpose" for the store was "to sell retail fireworks to consumers." In relation to the retail store, appellants obtained a license from the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a "Type 53 - Dealer of Explosives." They also got a building permit and a certificate of occupancy from the Town Zoning Administrator. These zoning permits were the only two permit applications appellants submitted to the Town.

_____

appeal, but for the purposes of this appeal we treat them as synonymous. For convenience, unless otherwise specified, we use the term "appellants" to describe actions taken by either or both appellants.

[2] As defined in 20 V.S.A. § 3131, the term "fireworks" means "any combustible or explosive composition, or any substance or combination of substances, or article prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation." In contrast to federal law, Vermont law does not distinguish between consumer-grade fireworks and display-grade fireworks. Cf. 27 C.F.R. § 555.11 (defining consumer fireworks in part as "small firework device[s]" including "whistling devices, ground devices containing 50 mg or less of explosive materials, and aerial devices containing 130 mg or less of explosive materials," and defining display fireworks in part as "[l]arge fireworks," including "display pieces which exceed the limits of explosive materials for classification as 'consumer fireworks' "). Vermont law does distinguish between "fireworks" and a "sparkler," which refers to small hand-held wire or wood sparklers, glow worms, smoke devices, string poppers, and the like. 20 V.S.A. § 3131. In this opinion, we use the term "display fireworks" to refer to fireworks, regardless of size, that are intended for use in a fireworks display permitted under 20 V.S.A. § 3132(c).

2

¶ 3.     Shortly after Green Mountain Fireworks opened, the Chief of the Colchester Police Department informed appellants that she believed they were operating illegally because they did not have a municipal permit to sell fireworks under 20 V.S.A. § 3132(a)(1).  That provision states that no person may "[o]ffer for sale, expose for sale, sell at retail or wholesale, or possess fireworks unless the person has been issued a permit by . . . the municipality in which the person offers for sale and stores the fireworks."  In a letter dated May 31, 2018, the Town Manager told appellants that the Town intended to seize the fireworks and seek criminal charges against Matthew Lavigne.

¶ 4.     In response to this information, appellants filed a complaint with the superior court seeking declaratory and injunctive relief.  Specifically, they sought a declaration that having received the zoning permits, they have "all possible and applicable permits and that the sales of fireworks by [appellants] as described herein is permissible by 20 V.S.A. § 3132."  Around the same time, appellants also applied to the Town selectboard for a fireworks retail permit.  The Town did not have an established application process for fireworks permits, but emailed appellants instructions for the application.

¶ 5.     After a hearing on June 26, 2018, the selectboard denied appellants' application.  It concluded that appellants' zoning permits did not authorize them to sell fireworks under 20 V.S.A. § 3132(a)(1) and that they would instead need a distinct municipal permit to operate the retail store.  In evaluating appellants' request for a retail permit, the selectboard applied the standards used to evaluate an application for a permit to "display" fireworks under § 3132(c).  The selectboard denied the application, in part because appellants failed to ensure that their customers had valid permits to display or possess the fireworks.  Appellants appealed the decision to the superior court pursuant to Vermont Rule of Civil Procedure 75.

¶ 6.     The superior court then granted the Town's motions to dismiss both the Rule 75 appeal and declaratory-judgment action.  In interpreting the statute, the superior court noted, "The statute is poorly written."  However, it agreed with the selectboard that the statute requires a

3

distinct municipal permit to sell fireworks and that the zoning permits could not suffice. It also rejected appellants' arguments that selling fireworks was legal in Colchester because the Town had not established a permitting process, that the selectboard had improperly relied on the standards in subsection (c), and that the selectboard had abused its discretion in its application of that standard.

¶ 7.    On appeal to this Court, appellants argue that they are not required to have a distinct permit to sell fireworks because § 3132 does not describe the necessary municipal permit or include any ascertainable standards for evaluating a permit application. Alternatively, they argue that the ascertainable standards for issuing a municipal permit for the sale of fireworks are reflected in the Planning Act, which governs municipal zoning. They contend that their zoning permit and certificate of occupancy satisfy the requirement for a municipal permit. As a second alternative, they challenge the selectboard's decision denying their application. They argue that the selectboard improperly applied standards for evaluating requests for permits to <u>display</u> fireworks to its evaluation of their request for a permit to <u>sell</u> fireworks, and contend that under the statute, the fire department, rather than the selectboard, has the authority to issue or deny the permit.

¶ 8.    The Town counters that Vermont law prohibits the sale of fireworks without a valid municipal permit to sell fireworks; that because it is clear from the statute as a whole that the Legislature intended the statute to be applied in the interest of public safety, § 3132 contains sufficient guidance for municipalities in exercising their delegated authority; and that the selectboard acted within its discretion in denying appellants' application. The Town emphasizes that there is no constitutional right to sell fireworks, and that the sale of fireworks is a dangerous activity.

¶ 9.    We conclude that both parties misconstrue § 3132(a)(1). The central presumption in this case has been that 20 V.S.A. § 3132(a)(1) authorizes municipalities to issue permits for the general retail sale of fireworks to any consumer without regard to whether the purchaser holds a

4

permit to display those fireworks.  Based on the text and history of the statute, we conclude that § 3132(a)(1) authorizes municipalities to issue permits to sell fireworks only for permitted "supervised public displays."  Id. § 3132(b).  Because the statute requires a municipal permit for the sale of fireworks and prohibits the type of general retail sales of fireworks that appellants intend, they cannot sell the fireworks without a permit, and are not entitled to the permit they seek.

## I.  Text of § 3132

¶ 10.  Our review of the text of § 3132(a)(1) in the context of the rest of the statute supports two conclusions.  First, appellants must have a distinct municipal permit to sell fireworks; their zoning permits do not satisfy the statutory requirement.  Second, the statute is ambiguous as to whether it allows the sale of fireworks to consumers who do not have permits under § 3132(c) to display those fireworks.

¶ 11.  Our primary goal in interpreting the statute is to carry out the intent of the Legislature.  Zlotoff Found., Inc. v. Town of South Hero, 2020 VT 25, ¶ 18, __ Vt. __, __ A.3d __.  Our first step in doing so is to examine the statute's plain language.  Shires Housing, Inc. v. Brown, 2017 VT 60, ¶ 9, 205 Vt. 186, 172 A.3d 1215.  If a statute is clear on its face, we will generally accept its plain meaning; if is ambiguous, we look beyond the text of the statute to ascertain the legislative intent.  Id.  We interpret the statute without deference to the trial court.  Severson v. City of Burlington, 2019 VT 41, ¶ 11, __ Vt. __, 215 A.3d 102.

¶ 12.  We reproduce the relevant portions of the statute at length because our understanding of 20 V.S.A. § 3132(a)(1) is informed by § 3132 as a whole.  The relevant portions of the section state:

> (a) Except as provided in this section, it shall be unlawful for any person, firm, co-partnership, or corporation to do any of the following:

> (1) Offer for sale, expose for sale, sell at retail or wholesale, or possess fireworks unless the person has been issued a permit by both the U.S. Bureau of Alcohol, Tobacco, and Firearms and the

5

municipality in which the person offers for sale and stores the fireworks.

  (2) Use, possess, or explode any fireworks unless the person has been issued a permit to display fireworks pursuant to subsection (c) of this section.

. . . .

  (b) The state fire marshal shall have power to adopt reasonable rules and regulations for granting permits for supervised public displays of fireworks by municipalities, fair associations, amusement parks, and other organizations or groups of individuals.

  (c) Any display for which a permit is issued shall be handled by a competent operator to be approved by the chiefs of police and fire departments of the municipality in which the display is to be held and shall be of a character, and so located, discharged or fired as, in the opinion of the chief of the fire department, or in a municipality with no fire department, the selectboard, after proper inspection, shall not be hazardous to property or endanger any person or persons.

  (d) Application for permits shall be made to the chief of the fire department, or in municipalities with no fire department, the selectboard, in writing, at least 15 days in advance of the date of the display.  After the permit has been granted, sales, possessions, use and distribution of fireworks for the display shall be lawful for that purpose only.  No permit granted under this section shall be transferable.

Id. § 3132.

¶ 13.   Based on the plain language of § 3132(a)(1), we first conclude that a distinct municipal permit is required for the sale of fireworks, and that appellants' zoning permits are insufficient under the statute.  We base this conclusion on the structure and context of the municipal permit requirement.  See In re Vt. Verde Antique Int'l, Inc, 174 Vt. 208, 211-12, 811 A.2d 181, 184 (2002) ("The words of a statute are not to be read in isolation, . . . but rather in the context and structure of the statute as a whole.").  It is clear from the context that the "permit" required in § 3132(a)(1) is a permit authorizing the conduct that is otherwise prohibited: to "[o]ffer for sale, expose for sale, sell at retail or wholesale, or possess fireworks."  We will not read the

6

word "permit" in isolation from the rest of the provision. TD Banknorth, N.A. v. Dep't of Taxes, 2008 VT 120, ¶ 15, 185 Vt. 45, 967 A.2d 1148 (stating that "this Court will not excerpt a phrase and follow what purports to be its literal reading without considering the provision as a whole" (quotation omitted)). Moreover, the context of the municipal permit requirement suggests that the municipal permit is parallel to a federal permit that is specific to sales of explosives and fireworks. Subsection (a)(1) requires "a permit by both the U.S. Bureau of Alcohol, Tobacco, and Firearms and the municipality." 20 V.S.A. § 3132(a)(1) (emphasis added). The required federal permit relates specifically to explosives and fireworks—in this case, appellants are federally certified as a "Dealer of Explosives." Under appellants' construction of the statute, the same word, "permit," would refer to a specific fireworks-dealer permit from the federal ATF, while describing a zoning permit from the municipality. This interpretation is strained and inconsistent with the language, structure, and context of the statute.

¶ 14. Second, while we conclude that the statute clearly requires a distinct permit for fireworks sales, little else about the required sales permit is clear. The statute does not plainly set out the scope of the permit or what standards apply in evaluating a permit application.[3] Most importantly for this case, it is not clear from the statute whether § 3231(a)(1) authorizes the sale of fireworks to consumers generally, or only to consumers with permits for public displays.

¶ 15. This ambiguity stems primarily from the tension between the language of subsection (a)(1) and the conflicting language of subsections (a)(2) and (d). Subsection (a)(1) appears to authorize permits to "expose [fireworks] for sale" and to sell them "at retail." 20 V.S.A.

---

[3] One of appellant's arguments is that the statute contains an unconstitutional delegation of authority to the municipality because it does not provide any standards for granting a permit to sell fireworks. See In re Handy, 171 Vt. 336, 344, 764 A.2d 1226, 1234 (2000) (holding that delegation of power was "unconstitutional because it is not limited by standards or guidelines"). We do not reach this issue because we construe the statute to prohibit the sale of fireworks to consumers who do not have permits to display fireworks. We emphasize, however, that the lack of clarity in this statute is detrimental to both fireworks dealers and municipalities, and urge the Legislature to remedy the lack of clarity and standards in the statute.

§ 3132(a)(1). This suggests that a permit to sell fireworks could include the sale of fireworks to consumers generally. However, subsections (a)(2) and (d) suggest otherwise. Subsection (a)(2) states that the mere possession of fireworks is illegal, absent a permit to display those fireworks. Id. § 3132(a)(2). Similarly, subsection (d), in describing the rules related to display permits, states: "After the permit has been granted, sales, possessions, use and distribution of fireworks for the display shall be lawful for that purpose only." Id. § 3132(d) (emphasis added). Under subsection (d), the possession, sale, and distribution of fireworks is lawful only for the purpose of a permitted display. Thus, on the face of the statute, subsection (a)(1) appears to provide for a permit to do something that is forbidden under subsections (a)(2) and (d).

¶ 16. The most plausible interpretation of the statute as a whole is that it prohibits the sale of fireworks to purchasers who do not have a permit for a "supervised public display." Id. § 3132(b); see State v. Berard, 2019 VT 65, ¶¶ 12-13, __ Vt. __, 220 A.3d 759 (reading plain language of statute in context of text as a whole). This is because, beyond subsection (a)(1), the rest of the statute clearly does not contemplate unpermitted possession or use of fireworks. Subsection (b) allows the state fire marshal to "adopt reasonable rules and regulations for granting permits for supervised public displays of fireworks." Id. § 3132(b). Subsection (c) provides the standards for granting such a permit. And subsections (a)(2) and (d), as discussed above, state that no person may sell, possess, use, or distribute fireworks except for the purpose of a permitted display. Given that the statute as a whole is directed at regulating the permitting of public fireworks displays, it would be incongruous to read subsection (a)(1) as it appears in isolation—to permit the general retail sale of fireworks. See Zlotoff Found., Inc., 2020 VT 25, ¶ 18 ("If the plain meaning of the statute conflicts with the intent of the Legislature, we may look beyond the statutory language to give effect to legislative intent.").

8

## II.  Legislative History

¶ 17.    Multiple tools of statutory construction strongly reinforce our understanding of the statute.  See Shires Housing, Inc, 2017 VT 60, ¶ 9 (explaining that where statute is ambiguous, we must use tools of statutory construction to determine legislative intent, including legislative history, circumstances surrounding statute's enactment, evidence of legislative policy at which statute was aimed, and interpretation of agency charged with enforcing statute).  The legislative history of the statute reveals that the Legislature intended to allow only the sale of display fireworks, not fireworks generally.  Our interpretation promotes the overarching goal of the statute to protect the public from fireworks-related hazards, as well as the goal of the specific amendment authorizing permits to sell display fireworks.  And the regulations adopted by the agency charged with enforcing the statute further buttresses our interpretation.

¶ 18.    Our analysis of the legislative history focuses primarily on the 2003 amendment to § 3231, which introduced the sales permit language to the statute.  See 2003, No. 15, § 2.  Based on the purpose of the amendments, contemporaneous descriptions of the amendments, and the act summary, we conclude that the Legislature intended to permit sales only of display fireworks.

¶ 19.    At the time of the 2003 amendments, all consumer fireworks sales were prohibited, and there is no indication of any intent to change that in the bill as initially proposed.  The amendments were part of House Bill 44, entitled, "An Act to Permit the Sale and Use of Sparklers." H.44, 2003-2004 Gen. Assem., Bien. Sess. (Vt. 2003) [hereinafter H.44].  As originally proposed by the House, the bill's only function was to modify the definition of fireworks in 20 V.S.A. § 3131 to exclude sparklers and other similar items.   See H.44 (bill as introduced), http:// www.leg.state.vt.us/docs/legdoc.cfm?URL=/docs/2004/bills/intro/H-044.HTM&Session=2004 [https://perma.cc/5QQM-AJNC].  At the time, § 3132(a) read, "Except as hereinafter provided, it shall be unlawful for any person . . . to offer for sale, expose for sale, sell at retail or wholesale, possess, use or explode any fireworks . . . ."   H.44 (bill as passed by House), http://

9

www.leg.state.vt.us/docs/legdoc.cfm?URL=/docs/2004/bills/house/H-044.HTM&Session=2004 [https://perma.cc/HL4M-PHV7]. There was no mention of a permit in subsection (a). In passing the bill amending the statutes regulating fireworks, the House made some stylistic modifications to this prohibition, but otherwise left it unchanged. Id.

¶ 20. The Senate then modified the statute to its current language, prohibiting the sale of fireworks in subsection (a)(1), prohibiting the use of fireworks in subsection (a)(2), and adding exceptions in both subsections for individuals with permits to sell or display fireworks, respectively. See H.44 (as proposed by Senate), http://www.leg.state.vt.us/docs/legdoc.cfm? URL=/docs/2004/bills/senate/H-044.HTM&Session=2004 [https://perma.cc/2CNN-QYVT].

¶ 21. After the Senate returned the bill to the House with its proposed amendments, Meredith Sumner, Legislative Counsel, described the rationale for the Senate's changes to the House General, Housing and Military Affairs Committee. See An Act to Permit the Sale and Use of Sparklers: Hearing on H.44 Before House Comm. on General, Housing and Military Affairs, 2003-2004 Bien. Sess. (Vt. Apr. 24, 2003). Legislative Counsel explained that the Senate's modification to subsection (a)(1) was intended to "clear[] up an ambiguity in the law" with regard to display fireworks, not to allow for new sales of fireworks to consumers without display permits. Id. At the hearing, she summarized the amendments as follows:

> The substantive change is in . . . 3132(a), where it lists all those prohibitions. Well in reviewing it, some interested parties noted to me that a technical reading of the law, which I agree with, makes it illegal for those many businesses (one) that store and provide fireworks, not sparklers, but fireworks to people who get permits for—usually municipal or National Life displays—the big permitted displays of fireworks. And that technically, in the years of doing business, in offering for sale, selling, and possessing fireworks they've been in violation of the law. . . . As I looked further, I realized that it also prohibits possessing and exploding, without reference to the permit that allows you to do that. So in those prohibitions, they were re-worded.

Id.  To close this unintentional loophole, the Senate added language to the statute that would exempt these individuals—sellers and users of display fireworks—from the general prohibition on sales of fireworks.  The amendment did not purport to repeal the prohibition against the sale and use of fireworks without a permit.  It simply sought to clarify that the prohibitions in subsection (a) are subject to limited exceptions.  In other words: "It was only a clean-up . . . .  We wanted to bring it into compliance with what was going on."  Id.  The Committee meeting convincingly illustrates that the amended subsection (a)(1) was not intended to permit general retail sales of fireworks.  See In re Hinsdale Farm, 2004 VT 72, ¶ 17, 177 Vt. 115, 858 A.2d 249 (noting that we rely on committee testimony and legislators' discussions when they "convincingly illustrate" Legislature's intent).

¶ 22.    The act summary reinforces this intent.  See Doncaster v. Hane, 2020 VT 22, ¶ 22, __ Vt. __, __ A.3d __ (noting that while act summary will not override plain language, it may be "helpful in deducing legislative intent where the plain language of the statute is unclear").  The act summary states, "This act retains the prohibition against the sale and use of fireworks, but permits the sale and use of sparklers . . . ."  Act Summary, 2003, No. 15, http://www.leg.state.vt.us/ docs/legdoc.cfm?URL=/docs/2004/acts/ACT015SUM.HTM      [https://perma.cc/P7M9-J8B8] (emphasis added).  It goes on to state:

> [T]his act remedies an inconsistency in existing law, which allowed public firework displays pursuant to a permit, but technically prohibited a fireworks supplier from storing or selling fireworks. This act amended the law to permit the sale and storage of fireworks provided the fireworks supplier has a permit issued by the U.S. Bureau of Alcohol, Tobacco, and Firearms and the municipality in which the fireworks are stored.

Id.  Given the previous statement that sales of fireworks in Vermont are generally prohibited, the word "supplier" in this section appears to refer to a supplier of display fireworks, not a retail seller of fireworks for use by consumers generally.  Therefore, the act summary reflects the Legislature's

11

understanding that all sales of fireworks are prohibited, except in connection to permitted, public displays.

¶ 23. Contemporaneous press coverage of the bill reinforces our understanding of the Legislature's intent by emphasizing that while the bill permitted the use of sparklers, fireworks remained illegal. For instance, shortly before the amendments to the bill passed the Senate, the Rutland Daily Herald credited Lisa Nolen Birmingham—a lobbyist for the U.S. Fireworks Safety Commission who testified numerous times in relation to the bill—as acknowledging that the bill was "not a first step toward seeking legalization of all fireworks" and that "we would come back and fight any attempt to [allow] anything aerial or explosive, because that's where the injuries and fires occur." David Mace, Sparkler Bill Appears Likely to Pass Vt. Senate, Rutland Daily Herald, Apr. 19, 2003, at B5. After the bill's passage, the legislative highlights in the Burlington Free Press summarized the bill as "legaliz[ing] the sale and use of sparklers, but not explosive fireworks." Legislative Highlights, Sparklers, Burlington Free Press, June 1, 2003, at 6A. Other coverage from before and after the bill's passage reflected the same understanding. See, e.g., Nancy Remsen, Sparklers Sales Ignite: Fireworks Legal in Time for July 4th, Burlington Free Press, June 28, 2003, at 1A ("The Legislature lifted the ban only on sparklers and another category of devices, including poppers that spew confetti, and balls with fuses that smoke when lighted. The ban remains for other fireworks, such as firecrackers, rockets, cherry bombs and Roman candles."); Senate Approves Legalizing Sparklers, Bennington Banner, Apr. 21, 2003, at 3 (stating that bill "would make sparklers legal in Vermont" but that it "differentiates sparklers from fireworks, which remain illegal").

¶ 24. Additionally, our understanding of the Legislature's intent is consistent with the statute's broader purpose, which is to protect the public from hazardous materials, as well as with the specific purpose of the relevant portion of the 2003 amendment, which was to close a technical loophole relating to the sale of fireworks for permitted displays. The fireworks statute appears in

part 7—"Fire Protection and Fire Prevention"—within Title Twenty—"Internal Security and Public Safety." Vermont has a long history of strict fireworks regulation: starting in 1953 and for fifty years after, Vermonters were prohibited from possessing and selling even sparklers. See 1953, No. 93, § 1 (enacting prohibition of fireworks, including sparklers); 2003, No. 15, § 2 (amending statute to permit use of sparklers). Although sparklers are now allowed, the statutory framework continues to allow displays of fireworks only where the chief of the fire department or selectboard has determined that the display "shall not be hazardous to property or endanger any person or persons." 20 V.S.A. § 3132(c). And in 20 V.S.A. § 3136, the Legislature specifically wrote: "Being in the interest of public safety the provisions of this subchapter shall be liberally construed." Given the longstanding purpose of the statute, we conclude that § 3132(a)(1) cannot be read to permit the general retail sale of fireworks to consumers who are not permitted under the statute to possess and use them.

¶ 25. The Department of Public Safety's interpretation of the statute, as reflected in its implementing regulations, also generally supports our understanding of the statute. See Shires Housing, Inc, 2017 VT 60, ¶ 9. ("[W]here a statute is silent or ambiguous and an agency charged with enforcing the statute has interpreted it, this Court will defer to the agency interpretation of the statute within its area of expertise."). The Department of Public Safety's Division of Fire Safety (DFS) is entrusted with regulating fireworks display permits. See 20 V.S.A. § 3132(b) (stating that "state fire marshal shall have power to adopt reasonable rules and regulations for granting permits for supervised public displays of fireworks"); 20 V.S.A. § 2681(a) ("The commissioner of public safety shall be ex officio fire marshal."). The Fire and Building Safety Code published by DFS contains a clear statement that "[i]t is unlawful for any person to offer for sale, sell at retail or wholesale, possess, use or explode any fireworks except as permitted for a supervised public display of fireworks." See Vermont Fire and Building Safety Code § 4, Code of Vt. Rules 28 070 001, https://firesafety.vermont.gov/sites/firesafety/files/files/rules/dfs_rules_

13

firecode2015_current.pdf [https://perma.cc/7N4W-LGW5]. The Code also contains some apparently inconsistent provisions related to "the sale, handling and storage of consumer fireworks, including sparklers." See id. However, "consumer fireworks" are not defined in the Code, and it is unclear what fireworks (aside from sparklers) these provisions are meant to refer to. Therefore, while there may be some conflicting language in the Code, DFS's clear statement that fireworks are permitted only for supervised public displays reinforces our understanding of the statute

¶ 26. For all of these reasons, we conclude that it is unlawful in Vermont for any person to offer fireworks for sale except for permitted supervised public displays of fireworks.[4]

### III. Application to This Case

¶ 27. Appellants' store is intended as a retail store to sell fireworks for use by consumers, without regard to whether the purchasers have permits to possess and display them. In their complaint, appellants refer to Green Mountain Fireworks as a "consumer fireworks retail store (CFRS)." This was true in appellants' two previous locations in St. Albans and Milton, where they operated out of a tent, and it continued to be true in the brick-and-mortar Green Mountain Fireworks store in Colchester. Appellants expressly sell fireworks "to the public," rather than— as the Legislature intended—to "people who get permits for . . . the big permitted displays of

---

[4] The record suggests that there are other fireworks retailers operating in Vermont pursuant to municipal permits who, like appellant, have believed in good faith that their operations are legal under § 3132. It appears that the statute has not been uniformly understood to maintain the prohibition against general retail sale and use of fireworks. In fact, in 2018, the House passed a bill that would require a person who "sells fireworks at retail" to inform purchasers that they must get a permit to use the fireworks and must comply with any applicable municipal ordinances. H.614, 2017-2018 Gen. Assem., Bien. Sess. (Vt. 2018) (bill as passed by House). Representative Edward Read, in describing the bill to the Senate, stated that it "memorializes what is actually being done already." An Act Relating to the Sale and Use of Fireworks: Hearing on H.614 Before Senate Comm. on Economic Development, Housing and General Affairs, 2017-2018 Bien. Sess. (Vt. Mar. 15, 2018). We do not rely on this bill, which did not pass the full Legislature, except to underscore that the statute's original intended purpose appears to be at odds with at least some people's understanding of the current reality. This disconnect is yet another reason why the Legislature must provide clearer notice as to what conduct is permitted and prohibited by § 3132.

fireworks." See supra ¶ 21. Moreover, Mr. Lavigne testified before the Town selectboard that he did not verify whether his customers had a display permit before selling them fireworks from his store. Cf. 20 V.S.A. § 3132(d) (stating that after display permit has been granted, sales of fireworks "for the display" shall be lawful for that purpose only).

¶ 28. At no time did appellants seek a declaratory judgment or permit that would authorize them to operate as a dealer of display fireworks under the statute. Their complaint sought a declaratory judgment that "the sales of fireworks by [appellants] as described herein is permissible by 20 V.S.A. § 3132." (Emphasis added.) As noted above, the complaint indicated that appellants were engaged primarily in retail sales of consumer fireworks. Similarly, their application to the selectboard sought a permit to operate a CFRS facility. There is no available permit to operate a CFRS facility—the only fireworks sales permit available under Vermont law would be a permit to sell fireworks for permitted, public displays.

¶ 29. For these reasons, we need not address the parties' other arguments, and we conclude that the trial court did not err in ruling in the Town's favor in the Rule 75 appeal and the declaratory-judgment action.

Affirmed.

FOR THE COURT:

_____

Associate Justice

15